[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
REPORT OF TRIAL REFEREE
A. FINDINGS OF FACT.
1. On or about August 22, 1987, plaintiff, Bernard Herpst as landlord, entered a lease with Solo Corporation as tenant, for the premises located at 237 Bank Street, New London, Connecticut.
2. The defendant, Robert Solo, was the President of Solo Corporation, and through the conduct of the parties, as admitted in writing by the defendant in his answer dated August 16, 1991, and as agreed by the parties during the hearing, the defendant personally assumed all the legal rights and obligations of the tenant under the terms of the lease.
3. At the time the lease was executed, both parties understood, and the lease stated, that its intended use was as a weight training facility and gymnasium.
4. Within a month after entering the premises, the defendant notified the plaintiff that the roof was leaking. CT Page 103
5. The plaintiff attempted to repair the roof by applying tar to it, but these repair attempts failed to stop the leaking.
6. Approximately 1 year and 2 months after the defendant occupied the premises, the plaintiff replaced the roof, but the replacement and subsequent efforts by the plaintiff did not stop the premises from leaking.
7. The defendant was forced to catch water in a number of spots with buckets in an attempt to keep the floor from becoming slippery and unsafe.
8. Ceiling tiles in parts of the premises became saturated, causing them to fall to the floor.
9. As a result of the leaking, portions of the floor rotted, and tiles began to lift up.
10. Throughout the term of the lease, the basement was filled with several inches of water.
11. One of the defendant's employees was forced, during rain events, to use an umbrella while serving beverages from the fruit bar.
12. The premises smelled of moisture and mildew, and silverfish were commonplace.
13. The defendant lost business due to the condition and deterioration of the premises.
14. The monthly rental for the premises from July 1989 to June 1990 under the terms of the lease was $2,500.00 per month.
15. The defendant made a partial payment of rent in the amount of $500.00 for July 1989, but thereafter failed to make any rental payments.
16. The defendant vacated the premises sometime during October 1989.
17. The plaintiff brought a summary process action against the defendant, and on November 17, 1989, the parties stipulated that the plaintiff could repossess the premises immediately.
18. The condition and deterioration of the premises CT Page 104 made them unfit for their intended purpose as a weight training facility and gymnasium.
19. After vacating the premises, the defendant sought to recreate his weight training facility and gym at a location on Garfield Avenue, New London, and although he testified that he spent thousands of dollars in renovating the new premises, his cost figures were gross estimates, and he failed to provide any specific costs, corroborating evidence, or receipts for the repairs.
20. The defendant failed to pay two water bills to the City of New London for the period he actually occupied and used the premises, resulting in unpaid water bills totalling $1,933.28.
21. Neither party submitted any evidence regarding legal fees incurred in enforcing or contesting the lease.
B. CONCLUSIONS OF LAW.
1. The plaintiff and the defendant entered a valid lease for the premises known as 237 Bank Street, New London, Connecticut, for the intended purpose of the defendant operating a weight lifting facility and gym, said lease conforming to the terms of the lease for the premises between the plaintiff and Solo Corporation, dated August 22, 1987.
2. Due to the inability of the plaintiff to stop the premises from leaking water, the premises became untenantable and unsuitable for their intended purpose, causing the constructive eviction of the defendant during October 1989.
3. The defendant owes the plaintiff rental payments under the lease through the date of construction eviction, being the end of October 1989.
4. The defendant owes the plaintiff for water bills paid on the defendant's behalf to the City of New London for the period of defendant's actual occupancy.
5. The defendant failed to prove any consequential damages caused by the plaintiff as a result of said constructive eviction.
6. The stipulated judgment in the summary process action only granted possession to the defendant as a matter of law, and did not determine whether or how much rent was due.
7. The defendant owes the plaintiff the following sums: CT Page 105
a. Rental — 7/89 — 10/31/89: $9,500.00
b. Unpaid water bills: 1,933.28
Subtotal $11,433.28
 c. Legal Interest: 11/1/89 — 2/1/92: $2,572.49
Total $14,005.77
C. RECOMMENDATION.
Judgment should enter for the plaintiff with costs in the amount of $11,433.28, plus legal interest from November 1, 1989 to date of payment.
Timothy D. Bates State Trial Referee